SHELTON *v.* STATE, TO USE OF CHANCE.*

(Division A. March 29, 1926.)

[107 So. 553. No. 25469.]

1. CONTEMPT. *Sheriff's failure to levy writ to enforce lien is no defense to removal and retention of the property by lien or after levy by another under valid process.*

Sheriff's failure to levy a writ to enforce lien on cotton seed is not a defense to removal and retention of such cotton seed by person

holding writ, after levy thereon by sheriff under valid process issuing from circuit court.

2. CONTEMPT. *On alleged failure of officer to discharge duty in levying writ, one may not take and retain property, after notice that same is in custody of law.*

One may not take the law in his own hands, and, because of alleged failure of officer to discharge his duty in levying writ, take and retain property, after he has notice that same is in custody of the law.

3. ·APPEAL AND ERROR. *Order requiring return of property taken from sheriff, or payment of value, will not be considered on appeal, where question of ability to comply with order was not raised in lower court.*

Court order, requiring return of property removed while in possession of sheriff under levy, or to pay value thereof, without inquiry as to ability, will not be reviewed on appeal, where question of ability was not presented to lower court by plea or proof.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3 C. J., p. 696, n. 61. Contempt, 13 C. J., p. 21, n. 97; Interference with property *in custodia legis* as contempt, see 6 R. C. L., p. 501; 2 R. C. L. Supp., p. 136.

APPEAL from circuit court of Humphreys county.
HON. S. F. DAVIS, Judge.

Proceedings by the state, to the use of T. F. Chance, against I. J. Shelton to punish for contempt. From an adverse judgment, contemnor appeals. Affirmed.

*Wm. P. Stribling*, for appellant.

*Note: Brief for appellant missing from the record.*

*C. M. Murphy,* for appellee.

There was no issue before the court as to whether Shelton was or was not entitled to a lien against these cotton seed. Final judgment had already been entered in the Chance suit. There is an orderly and proper method clearly provided by statute in which Shelton might have propounded his claim or asserted his right to participate

*pro rata* in the whole of the cotton seed. It is not the duty, nor is it the province of the court, to direct counsel with reference to the proper procedure in the handling of their case. The court will not and cannot pass upon questions not properly before it, and not properly raised in the pleadings.

This is not a suit against the sheriff for damages, if any, and it would have been improper in this case, as we view it, to inject matters defensive to such a charge. So, I say, we have no concern in the matter of the sheriff's liability or non-liability thereunder.

From Shelton's testimony, he was trying to collect a balance of salary claimed to be owing to him; he filed his suit in the justice of peace court and due to various contingencies beyond his control, such as the absence of his counsel on one or two terms of court and to the neglect of the sheriff in properly executing his writ, the recovery of a judgment by him against Mrs. McDaniels was delayed and the writ he was trying to get executed was never served until after the writ issued in the Chance suit—or rather was never served on the seed at all. It appears from the testimony of Mr. Abernathy that Shelton was advised that the Chance writ had been executed on the seed. Feeling then, as I suppose was natural, some disappointment because of the lack of diligence on the part of himself or of his counsel or some neglect or failure in duty on the part of the sheriff, he decided to take the law into his own hands and get enough seed to satisfy his claim "while the getting was good." While we may sympathize with him in his impatience, we cannot condone nor forgive his offense. The dignity and process of the court must not be permitted to thus be rendered vain, futile, and impotent.

It is urged that the judgment of the court cannot stand, because there is no evidence before the court to show whether appellant could comply with the judgment by returning the seed, or by paying the two hundred ten dollars. Appellant relies upon the authority of the *Mc-*

*Henry case,* 44 So. 831, and the *Ramsey case,* 87 So. 491.
The answer to his contention may be found by a casual
reading of either of these cases. In the former case it
was affirmatively shown by the alleged contemnors that,
without fault on their part, it was impossible for them
to comply with a previous order of court. No such im-
possibility of performance is shown in this case. The
burden was upon Shelton to prove his inability to pay.
The judgment is presumed to be good and valid. Had
Shelton met the burden, by showing his inability to pay
the two hundred ten dollars, perhaps the judgment of the
court would have been that he serve a sentence of some
thirty or sixty days in jail, as might have been given to
him in the first instance.

McGOWEN, J., delivered the opinion of the court.

Upon an issue made up and an appearance in court,
Shelton was adjudged by the circuit court guilty of a
contempt in removing and failing to return cotton seed
levied on by the sheriff of the county under process is-
suing from the circuit court, and the court below or-
dered Shelton to pay the value of the cotton seed re-
moved, two hundred ten dollars, or return the cotton seed,
or, in default of payment or return of the cotton seed,
that he stand committed to the county jail until the order
of the court was complied with. The burden of the con-
temnor's plea in the lower court was that he had sought
to have the sheriff levy a writ to enforce a lien upon the
cotton seed, and that the sheriff had willfully refused to
levy his writ, which had been issued prior to the time
the writ issued from the circuit court.

In our opinion his quarrel is with the sheriff, and a
failure to have the process served is not a defense to the
willful retaining of property which had been legally lev-
ied upon by a proper writ issued upon a valid judgment
rendered by a court of competent jurisdiction. One may
not take the law in his own hands and, because of an al-

leged failure of an officer to discharge his duty, take over and retain the property after he has notice that same is in the custody of the law.

The further complaint is urged that the court has required the contemnor, Shelton, to return the seed or pay the value thereof, without any proof as to whether or not Shelton is able to comply with the order of the court. As we view this record, the question here raised was not presented to the lower court by plea or proof, and cannot now be properly considered by us. as a ground of reversal of the case.

We think the court below very properly adjudged this appellant guilty of a contempt, and that there is no error upon which to predicate a reversal of this case.

*Affirmed.*